UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL W. OTTO,<br><br>    Petitioner,<br><br>    v.<br><br>CYNTHIA TAMPKINS,<br><br>    Respondent. | No. 2:19-cv-00425 MCE GGH P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss claiming petitioner has failed to exhaust his state court remedies for several of his claims. ECF No. 10. Petitioner has filed an opposition. ECF No. 15.

Petitioner was convicted of several sex offenses committed against minors. He was sentenced to nine years and four months. ECF No. 1. Petitioner appealed his conviction which was denied on September 18, 2017. The direct review petition was denied on November 29, 2017. No state habeas petitions were filed. The federal petition, filed on March 8, 2019, set forth a number of claims (detailed below). Respondent filed a motion to dismiss based on failure to exhaust some claims in the petition, i.e., a mixed petition, but recognized that a request for stay

1

pending exhaustion might be appropriate. Petitioner opposed the motion essentially arguing that he had exhausted enough and no more was necessary.

For the reasons set forth below, the undersigned recommends that the motion to dismiss be granted. However, the undersigned will order the Findings and Recommendation to be held in abeyance pending an opportunity for petitioner to request a stay of these federal proceedings to pursue state exhaustion. If no such request is made, or the request is otherwise inappropriate, the undersigned will submit the Findings and Recommendation to the assigned district judge for final action.

*The Federal Petition*

The federal petition alleges the following claims:

1. Denial of Cross-Examination
    a. By Not Permitting Impeachment of a Witness with Misdemeanor Convictions/Conduct
    b. By Not Permitting Impeachment of "The Other Two Witnesses" with School Records
2. Ineffective Assistance of Counsel (trial and appellate):
    a. Improper Opening Argument by the Prosecutor
    b. Seating a Witness (Police Detective) at the Prosecutor's Table
    c. Failure to Cross-Examine Inconsistent Statements
    d. Petitioner's Appellate Attorney Refused to Assist Petitioner in his Writ of Habeas Corpus
3. Improper Discharge of Deliberating Juror
4. Various Allegations of Prosecutorial Misconduct
5. Actual Innocence (Count 13)

*Claims Raised in the State Appellate Process*

The claims raised on direct review in the California Third District Court of Appeal ("Court of Appeal") were: (1) failure to allow impeachment with misdemeanor convictions/conduct (Claim 1(a)); (2) ineffective assistance of counsel for failure to properly set forth a proper foundation for impeachment with use of misdemeanor convictions, (Claim 1(a)); and (3) challenges to the

2

discharge of a juror who had questioned the credibility of the prosecution's witnesses, (Claim 3). The Court of Appeal affirmed the judgment. See ECF No. 12-2.

Petitioner raised the same above appellate issues with the California Supreme Court (ECF No. 12-3), which denied review on November 29, 2017 (ECF No. 12-4).[1]

*Discussion*

Without a doubt, petitioner has not exhausted all his federal petition claims with the California Supreme Court, and petitioner concedes as much. Only Claims 1(a) and 3 have been fully exhausted. Petitioner's primary argument in opposition to the Motion to Dismiss is that he has exhausted enough, that he should not be "procedurally defaulted," and it would not be fair to delay his federal petition for further exhaustion in the state courts. ECF No. 15.[2]

Exhaustion is not optional, or a requirement which can be waived in the court's discretion if it believes that petitioner has "exhausted enough." Exhaustion involves giving the state courts the fair opportunity to rule upon the specific federal claim. Picard v. Connor, 404 U.S. 270, 275 (1971). And, the presentation of "similar" state claims is not sufficient for exhaustion. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). This is not a situation where petitioner raised his federal claim, but the state courts ignored it. See Dye v. Hofbauer, 546 U.S. 1 (2005).

A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277–78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Mere "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," do not establish

---

[1] It is quite possible that the petition filed March 8, 2019 is untimely, but that is not the subject of respondent's motion.

[2] The law regarding procedural default, relied upon by petitioner, is not apposite to an exhaustion issue. In a procedural default context, a petitioner *has presented* his claims to the highest state court, but the federal merits were not reached because the claim was denied on an independent and adequate state law basis. Exceptions to dismissal for procedural default—cause and prejudice-- might then apply. Here, several of the claims urged by petitioner here never reached the state courts in any fashion.

exhaustion. Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citation omitted). Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim. For example, in Johnson v. Zenon, 88 F.3d 828 (9th Cir. 1996), the petitioner argued in Oregon state court that the admission of prior act evidence " 'infringed on his right to present a defense and receive a fair trial,' " and therefore this evidentiary error was not harmless under state law. Id. at 830–31. The Ninth Circuit held that the petitioner had not exhausted his state remedies with respect to his federal claims: he had argued exclusively Oregon evidentiary law and never apprised the Oregon state court that he was asserting a federal claim. Id. Similarly, in Hiivala, the petitioner failed to exhaust his Washington remedies when he argued to the Washington state court that the evidence was insufficient to support his conviction. 195 F.3d at 1106–07.

> *Hiivala* did not relate his claim to the Due Process Clause of the U.S. Constitution, cite the Fourteenth Amendment, or cite any federal or state cases involving the legal standard for a federal constitutional violation. *Id.*

Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005).

By any measure, as set forth above, petitioner has failed to exhaust all of his claims. And mixed petitions, where some of the claims are exhausted, fare no better than petitions where all claims are unexhausted. A mixed petition cannot be adjudicated on its merits, but should be dismissed for failure to *fully* exhaust. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Nevertheless, petitioner can cure his lack of exhaustion in three alternative ways:

1. He may delete his unexhausted claims and proceed with his exhausted claims only; or

2. He may ask the court to stay his federal petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005); or

3. In the alternative, petitioner may ask that the case be stayed pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

Petitioner should take the foregoing principles into consideration if he seeks to file a motion to stay. A motion for stay and abeyance pursuant to Rhines is available so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been

4

intentionally dilatory in pursuing the litigation. Rhines v. Weber, 544 U.S. at 277-78 (2005). In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan. In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small. King, 564 F.3d at 1135. Pursuant to the King/Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070–71. The King/Kelly stay- and abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. *However, unlike a Rhines stay, the King/Kelly procedure does not itself toll the statute of limitations for the unexhausted claims.* If the claims are not timely pursuant to the one-year state of limitations set forth in 28 U.S.C. § 2244(d), including relation-back to an exhausted claim, or statutorily or equitably tolled if otherwise untimely, petitioner's King/Kelly stay may have been a waste of time as far as the federal courts are concerned.[3]

Within thirty days from the date of this Findings and Recommendations, petitioner shall inform the court in writing which procedure he desires to follow. Pending these thirty days, and any necessary time to adjudicate a voluntary dismissal of claims or stay request, the undersigned will hold in abeyance any transmission of the petition dismissal recommendation to the assigned district judge. A request for a Rhines stay must include satisfaction of the prerequisites set forth above. Failure of petitioner to choose, or satisfy prerequisites, will result in transmission of the Findings and Recommendation regarding dismissal of the entire petition to the district judge.

*If petitioner desires to challenge the recommendation of dismissal for failure to exhaust all claims in the first instance, he must file objections to this Findings and Recommendations in*

---

[3] Kelly's further holding that district courts were required to inform a petitioner about the possibility of a stay was noted as overruled by Supreme Court precedent. Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). That overruling does not affect the issues presented here.

*accordance with the timelines set forth below.* The filing of objections does NOT stay the time for compliance with the Order, i.e., the choosing of alternatives.

No extensions of time will be granted to comply with the provisions of this Findings and Recommendations except in the most compelling of circumstances.

*Conclusion*

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall inform the court, within thirty days from the date of this order, whether he shall seek a stay pursuant to Rhines or King/Kelly, or move to withdraw his unexhausted claims and proceed with his exhausted claims;
2. If petitioner fails to inform the court within the thirty-day time frame which option he chooses to proceed with, the Findings and Recommendations will be submitted to the District Judge for dismissal of the petition; and
3. No extensions of time will be granted except in the most compelling of circumstances.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's Motion to Dismiss (ECF No. 10) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections should be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 4, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE