UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL W. OTTO,<br><br>Petitioner,<br><br>v.<br><br>CYNTHIA TAMPKINS,<br><br>Respondent. | No. 2:19-cv-00425 MCE GGH P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 18. Respondent has filed an opposition. ECF No. 19.

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially

1

have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Although good cause does not require "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014)

The court provides the entirety of petitioner's argument found in his motion to stay:

> I hereby request a stay per Rhines v. Weber, 544 U.S. 269 (2005). This petition is timely as I gave it to the Correctional Officer on February 20, 2019. (1) The petition was denied a hearing in the Supreme Court and a Writ cannot form a second appeal. (2) This petition has potential merit. It was accepted. (3) I have not been intentionally dilatory in pursuing the litigation. Rhines v. Weber, 544 U.S. at 277-78 (2005).

ECF No. 18 at 1.

However, as respondent has argued, petitioner has failed to satisfy the Rhines good cause requirement. In his motion, petition merely provides conclusory statements without providing sufficient details and evidence as required to support a stay and abeyance of a mixed petition. Blake, 745 F.3d at 982 ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.") Accordingly, the undersigned does not find that petitioner has established good cause pursuant to Rhines. It will therefore be recommended that petitioner's motion to stay be denied without prejudice.

Before the court recommends dismissal of the habeas petition for failure to exhaust, petitioner will be granted one more opportunity to amend his mixed petition to delete the unexhausted claims and proceed on the exhausted claims only. Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014). However, petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the

unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose v. Lundy, 455 U.S. 509, 520-21 (1982); Rule 9(b), Rules Governing Section 2254 Cases.  If petitioner fails to amend his petition within the requisite timeframe, the court will submit the September 4, 2019 findings and recommendations to the District Judge for dismissal of the petition without prejudice of the mixed petition pending further exhaustion.[1]

IT IS HEREBY ORDERED that petitioner will be granted thirty days to file an amended petition including only exhausted claims. If petitioner fails to file an amended petition within this timeframe, the September 4, 2019 findings and recommendations will be submitted to the District Judge assigned to the case for review.

IT IS HEREBY RECOMMENDED that petitioner's motion to stay and hold the petition in abeyance (ECF No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).